IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRADLEY D. STEVENSON,

    Plaintiff,

v.

    Case No.:
    Division:

WORKNET PINELLAS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRADLEY D. STEVENSON, by and through undersigned counsel, brings this action against Defendant, WORKNET PINELLAS, INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, ("FMLA"), 29 U.S.C. § 2601 et seq.

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida, and he worked in Hillsborough County.

4. Defendant operates a workforce solutions company in Hillsborough County.

## **GENERAL ALLEGATIONS**

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his eligibility for leave under the FMLA.

9. Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

10. Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

## **FACTS**

11. Plaintiff began working for Defendant in April 2015 as a Financial Director.

12. On August 5, 2016, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

13. On August 5, 2016, Defendant was put on notice that Plaintiff suffered from a serious health condition within the meaning of the FMLA.

14. Defendant did not notify Plaintiff of his eligibility to take FMLA leave.

15. On August 15, 2016, Plaintiff's employment was terminated for absenteeism that should have been protected by the FMLA.

16. Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

17. Plaintiff realleges and readopts the allegations of paragraphs 1 through 16 of this Complaint, as fully set forth herein.

18. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

19. Defendant had notice of Plaintiff's serious health condition. Nevertheless, instead of putting Plaintiff on notice of his FMLA leave eligibility, Defendant terminated Plaintiff's employment interfering with Plaintiff's FMLA rights.

20. Defendant's actions were willful and done with malice.

21. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II – FMLA RETALIATION

22. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 16 of this Complaint, as fully set forth herein.

23. Plaintiff required time off from work to care for himself, because he suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

24. Plaintiff engaged in protected activity under the FMLA by attempting to exercise his FMLA rights.

25. Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating Plaintiff's employment.

26. Defendant's actions were willful and done with malice.

27. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this ____ day of October, 2016.

Respectfully submitted,

*/s/ Matthew K. Fenton*
**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-223-6413
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**